# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RONALD REEVES (#341402)                                    CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                      NO. 13-0586-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

RONALD REEVES (#341402)                                CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                  NO. 13-0586-JWD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), against Secretary James LeBlanc, Warden N. Burl Cain, Ass't Warden Darryl Vannoy, Ass't Warden Troy Poret, Ass't Warden Stephanie Lamartiniere, Lt.Col. Jimmy Cruze, Dr. Collins, and an unidentified "John Doe" defendant, complaining that his federal statutory and constitutional rights have been violated, commencing in May, 2012, through the issuance of a duty status which prohibits him from engaging in hobbycraft and participating in rodeo sales at the prison. The plaintiff complains that, after the issuance of that duty status, defendants Troy Poret and Jimmy Cruse revoked his hobbycraft privileges and ordered him to send all hobbycraft tools and equipment home. Finally, the plaintiff complains that when he thereafter submitted an administrative grievance relative to the foregoing, his grievance was wrongly denied. The plaintiff prays for compensatory damages as a result of the defendants' alleged wrongful actions, together with declaratory and injunctive relief, compelling the defendants to reinstate his previous duty status and hobbycraft privileges.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that

the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he suffers with "flat feet" ("bilateral pes planus") and that, as a result of this condition, he was issued a limited duty status at the prison in 2003 which called for "regular duty with restrictions; sitting job, no prolonged walking, standing [or] sports," which duty status was amended shortly thereafter to clarify the restrictions as being "indoors, no prolonged walking, standing, [and] no sports." The plaintiff complains, however, that in May, 2012, without any physical examination or consultation, his duty status was amended by defendant Dr. Collins to provide for "regular duty with restrictions, indoors, no prolonged walking, standing, no sports, *no hobby craft, [and] no rodeo*." (Emphasis added). As a result of this amended duty status, his hobbycraft privileges were allegedly revoked by

defendants Troy Poret and Jimmy Cruze, and these defendants ordered him to send all of his

hobbycraft tools and equipment home.  Several months later, when the plaintiff attended a

medical call-out at the prison, he spoke with a Dr. McMurdo (not named as a defendant herein),

who advised the plaintiff that the new duty status had been issued "per orders" of defendants

Warden Burl Cain and Ass't Warden Darryl Vannoy.  The plaintiff complains that this action by

these defendants amounted to impermissible "security interference with medical affairs."  The

plaintiff further asserts that when he thereafter filed an administrative grievance complaining of

the defendants' alleged wrongful conduct, his administrative grievance was denied at each step

of the administrative process, specifically by defendants Stephanie Lamartiniere, Darryl Vannoy

and Burl Cain at the First Step of the process, and by defendant James LeBlanc and an

unidentified "John Doe" defendant at the Second Step.

<u>Claims Arising Under § 1983 And The United States Constitution</u>

Initially, the Court finds that the plaintiff's Complaint fails to state any federal

constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private

right of action against any person who, acting under color of state law, deprives an individual of

rights, privileges, or immunities secured by the Constitution or laws of the United States.

Specifically, although the plaintiff complains that, at the request of defendants Cain and Vannoy,

defendant Dr. Collins violated the plaintiff's constitutional rights by revoking his privilege of

engaging in hobbycraft and rodeo sales at the prison, the law is clear that a prisoner has no

constitutional right to participate in vocational, educational or other rehabilitative programs

while confined.  *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986).  Further, absent a

state-created liberty interest in the referenced activity, the plaintiff cannot complain about its

deprivation, and state-created liberty interests are generally limited to impositions that "impose[]

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life." *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The denial of the privilege of participating in hobbycraft does not rise to the level of such a deprivation and, thus, does not give rise to a liberty interest which might implicate the plaintiff's right to due process under the Fourteenth Amendment. Moreover, it appears that there was in fact a rational basis for revoking the plaintiff's hobbycraft privileges. Specifically, attachments to the plaintiff's Complaint suggest that the revocation resulted from a medical determination that, notwithstanding prior limitations placed upon the plaintiff's activities through his duty status restrictions, the plaintiff was nonetheless engaging in activities that were aggravating his condition and causing him to require and seek medical intervention on a frequent basis. *See* R. Doc. 1-1 at p. 5. Thus, a determination was made by prison personnel to add additional restrictions to his duty status by precluding his participation in hobbycraft. *Id.* The Court will not second-guess this medical-based determination, whether made solely by defendant Dr. Collins or prompted by concerns expressed by defendants Cain or Vannoy. Accordingly, the Court finds that the plaintiff fails to state a claim relative to the violation of his constitutional rights by reason of the defendants' actions in modifying his duty status.

In addition to the foregoing, the plaintiff complains that, subsequent to the imposition of the additional limitations on his duty status, defendants Poret and Cruse revoked his previously-granted hobbycraft privileges and ordered him to send all hobbycraft tools and materials home. The plaintiff complains that, as a result, he has been wrongly deprived of his personal property, and the limitation against participation in hobbycraft has impacted upon his ability to earn money by selling hobbycraft at the prison rodeo. The Court interprets this complaint as asserting a claim that the defendants, by their actions, have effectively caused him to be deprived of property to which he is entitled. Notwithstanding, pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by

state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981).[1] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss. *Marshall v. Norwood, supra*, 741 F.2d at 763. Accordingly, the plaintiff's claim relative to an alleged loss of property rights is without constitutional merit and should be dismissed.

Finally, the plaintiff complains that when he subsequently filed an administrative grievance at the prison, asserting a claim regarding the alleged wrongful conduct of prison officials, his grievance was denied at the First Step of the administrative process by defendant Stephanie Lamartiniere, which denial was approved by defendants Darryl Vannoy and Burl Cain, and was denied at the Second Step of the process by an unidentified "John Doe" defendant, which denial was approved by defendant James LeBlanc. Notwithstanding, although the plaintiff disagrees with the results of his administrative proceeding, he does not have a claim cognizable in this Court relative to the denial or mishandling of his administrative grievance. Specifically, the plaintiff does not have a constitutional right to have his administrative claim properly investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 Fed. Appx. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As

---

1. The underlying rationale of *Parratt* and *Hudson* is that when deprivations of property are effected through either negligent or intentional wrongful conduct on the part of state employees, pre-deprivation procedures are simply "impracticable" since the state cannot know in advance when such deprivations will occur. *Hudson v. Palmer, supra*, 468 U.S. at 533.

stated by the United States Court of Appeals for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d

371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id.* at 373-74. Accordingly, the plaintiff's claim asserted against defendants Lamartiniere,

Vannoy, Cain, LeBlanc and "John Doe" relative to the denial of his administrative grievance is

without legal or factual foundation and, as with the plaintiff's other claims asserted pursuant to

42 U.S.C. § 1983, should be dismissed.

Claims Arising Under The ADA

In addition to the foregoing, the Court interprets the plaintiff's Complaint as asserting a

claim arising under the ADA.[2] The ADA has been described as a "federal anti-discrimination

statute designed '[t]o provide a clear and comprehensive national mandate for the elimination of

discrimination against individuals with disabilities.'" *Delano-Pyle v. Victoria County, Texas*,

302 F.3d 567, 574 (5th Cir. 2002), *quoting Rizzo v. Children's World Learning Centers, Inc.*, 173

F.3d 254, 261 (5th Cir. 1999). Title II of the ADA provides that "[n]o qualified individual with a

disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines a "public entity" to

include "any department, agency, ... or other instrumentality of a State," 42 U.S.C. §

12131(1)(B), and it has been held that "[s]tate prisons fall squarely within the statutory definition

---

2. Whereas the plaintiff does not make reference to the ADA by name in the body of his Complaint, he makes reference to the pertinent statute, 42 U.S.C. §§ 12131, *et seq.*, and he attaches as an exhibit to his Complaint the administrative grievance that he filed relative to the events complained of, which grievance clearly asserts a claim arising under this statute.

of 'public entity.'"  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

Thus, "the plain text of Title II of the ADA unambiguously extends to state prison inmates."  *Id.*

at 213.  Note, however, that punitive damages may not be awarded in private suits brought under

the ADA, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), and "[a] plaintiff asserting a private

cause of action for violation of the ADA ... may only recover compensatory damages upon a

showing of intentional discrimination."  *Delano-Pyle v. Victoria County, Texas, supra*, 302 F.3d

at 574.

In order to establish a violation of the ADA, the plaintiff must be able to demonstrate (1)

that he is a qualified individual with a disability within the meaning of the Act, (2) that he is

being excluded from participation in, or being denied the benefits of, services, programs, or

activities for which the defendants are responsible or is otherwise being discriminated against by

the defendants, and (3) that such exclusion, denial of benefits, or discrimination is by reason of

his disability.  *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).  Under

Title II of the ADA, "discrimination may include a defendant's failure to make reasonable

accommodations to the needs of a disabled person."  *McCoy v. Texas Dept. of Criminal Justice*,

2006 WL 2331055, *7 (S.D. Tex. Aug. 9, 2009), *citing Melton v. Dallas Area Rapid Transit*, 391

F.3d 669, 672 (5th Cir. 2004).  "In the prison context, ... failure to make reasonable

accommodations to the needs of a disabled prisoner may have the effect of discrimination

against that prisoner because the lack of an accommodation may cause the disabled prisoner to

suffer more pain and punishment than non-disabled prisoners."  *Id.*

In the instant case, the plaintiff's allegations may be interpreted as asserting that he has

been denied the right to participate in hobbycraft activities at LSP and that this denial has been

based solely upon his medical disability.  This allegation, at this stage of the proceedings and in

the absence of any information regarding the availability of reasonable accommodations, is

sufficient to assert a claim arising under the ADA that may warrant further factual development. *See Pennsylvania Dept. of Corrections v. Yeskey, supra*, 524 U.S. at 210 ("Modern prisons provide inmates with many recreational activities, medical services, and educational and vocational programs, all of which at least theoretically benefit the prisoners and any of which disabled prisoners could be 'excluded from participation in" (internal quotation and parenthetical marks omitted)).  *See also McGuire v. Lafourche Parish Work-Release Facility*, 2009 WL 4891914, *6 (E.D. La. Dec. 4, 2009) (deferring for further development the inmate plaintiff's claim regarding an alleged ADA violation arising from denial of participation in a work-release program).  The Court further finds, however, that the potential viability of this claim extends only to defendants Dr. Collins, Warden Burl Cain and Ass't Warden Darryl Vannoy, each of whom are alleged to have been involved in the decision to deny the plaintiff authorization to participate in the prison hobbycraft program or may be seen to have executive or supervisory authority at LSP, making them potentially appropriate for any injunctive relief which may be appropriate.  With regard to the remaining defendants, the Court finds that the plaintiff has failed to sufficiently allege any discriminatory action on their part which was taken in response to the plaintiff's alleged disability.  Specifically, with regard to defendants Troy Poret and Jimmy Cruze, the plaintiff alleges only that these defendants took action, upon receipt of the plaintiff's amended duty status, to implement the duty status that had been imposed by the prison medical department.  And as for defendants Stephanie Lamartiniere and James LeBlanc, as well as the unidentified "John Doe" defendant, the plaintiff alleges only that these defendants participated in the denial of the plaintiff's administrative grievance at the First and Second Steps of the administrative process.  These allegations to not adequately assert that these defendants engaged in discrimination against the plaintiff by reason of his disability.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against Stephanie Lamartiniere,

James LeBlanc and "John Doe" be dismissed, with prejudice, as legally frivolous and for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

It is further recommended that all of the plaintiff's claims asserted against defendants Dr.

Collins, Burl Cain and Darryl Vannoy be dismissed, with prejudice, except the plaintiff's claim

arising under the Americans With Disabilities Act, and that this matter be referred back to the

Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on October 23, 2014.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**