UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD REEVES (#341402)**                                CIVIL ACTION

**VERSUS**

**JAMES M. LEBLANC, ET AL.**                              NO. 13-586-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 8, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD REEVES (#341402)                                    CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                   NO. 13-586-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendants Warden Burl Cain and Ass't Warden Darryl Vannoy (R. Doc. 17).  This Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), against Secretary James LeBlanc, Warden N. Burl Cain, Ass't Warden Darryl Vannoy, Ass't Warden Troy Poret, Ass't Warden Stephanie Lamartiniere, Lt. Col. Jimmy Cruze, Dr. Collins, and an unidentified "John Doe" defendant, complaining that his federal statutory and constitutional rights have been violated, commencing in May of 2012, through the issuance of a duty status which prohibits him from engaging in hobbycraft and participating in rodeo sales at the prison.

The plaintiff's claims against all defendants were previously dismissed, with the exception of the plaintiff's claim arising under the Americans With Disabilities Act against Dr. Collins, Warden Cain, and Ass't Warden Vannoy.  *See* R. Docs. 5, 7, 8, and 12.  Defendants Warden Cain and Ass't Warden Vannoy, now move for summary judgment on the grounds that the plaintiff's ADA claim prescribed prior to the filing of his Complaint.  The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's pertinent administrative remedy proceeding.  Defendant Collins has not ben served.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges in pertinent part that on May 10, 2012 he was issued an amended duty status which prohibits him from engaging in hobbycraft and participating in rodeo sales at the prison, and on the same date was informed that his hobbycraft privileges had been revoked and was ordered to send all hobbycraft tools and equipment home.  He further alleges that on January 10, 2013, while attending a medical call-out at the prison, he spoke with "Dr. McMurdo" regarding his hobbycraft and rodeo privileges.  According to plaintiff, Dr. McMurdo advised that the new duty status had been issued "per orders" of defendants Cain and Vannoy.

Thereafter, the plaintiff alleges to have filed an administrative grievance on April 25, 2013. The administrative record reflects that the Second Step Responses was dated July 24, 2013, and was delivered to the plaintiff on July 30, 2013. (R. Doc. 1 at 5; R. Doc. 17-3 at 4, 13).  The plaintiff then filed his Complaint on August 28, 2013.[1]

In response to the plaintiff's Complaint, the moving defendants contend that the plaintiff's ADA claim prescribed prior to the filing of the plaintiff's Complaint.  Specifically, the defendants contend that prescription began to run on May 10, 2012, the date the plaintiff was advised of his amended duty status and required to send his hobbycraft tools and equipment home.  The defendants further assert that prescription was suspended when the plaintiff filed his administrative grievance on April 24, 2013, and began to run again on July 24, 2013 when the plaintiff received the Second Step Response to his grievance.[2]  Accordingly, the defendants assert that the plaintiff's Complaint prescribed on or around August 10, 2013.

---

[1] The plaintiff's Complaint was signed on August 28, 2013, and so is therefore considered filed on that date (employing the "mailbox rule" recognized in *Houston v. Lack*, 487 U.S. 266 (1988), and extended to statute-of-limitations determinations involving prisoner's *pro se* complaints in *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995)).

[2] Although the second step response is dated July 24, 2013, the record reflects that it was not sent to the plaintiff until July 30, 2013. R. Doc. 17-3 at 13.  Defendants' Memorandum recognizes that the prescriptive period is suspended "until the final agency decision is delivered." R. Doc. 17-1 at 6.

Although the Court does not adopt the exact calculation asserted by the defendants, the Court finds that the defendants' Motion is well taken and should be granted.  Specifically the Court finds that the last day for plaintiff's ADA claim to be filed was August 14, 2013, fourteen (14) days prior to the filing of the plaintiff's Complaint.

With respect to ADA claims, federal law borrows the applicable limitations period from state law, and the cause of action is subject to a one-year statute of limitations.  *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (finding that claims under Title II of the ADA and under the Rehabilitation Act are subject to the relevant state's limitations period for personal injury cases), and Louisiana Code of Civil Procedure article 3492 ("Delictual actions are subject to a liberative prescription of one year").  Although the applicable limitations period is determined pursuant to state law, the accrual of a cause of action is resolved by federal law.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir.1988).  " '[T]he limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof.' " *Newman v. Coffin*, 464 F. App'x. 359, 362 (*quoting Jensen*, 841 F.2d at 606); *see also Frame*, 657 F.3d at 238 ("[T]he rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.  In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.")  (footnotes and internal quotation marks omitted).  "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the facts forming the basis of his cause of action, ... not that of the existence of the cause of action itself." *Jensen*, 841 F.2d at 606 (internal quotation marks omitted) (alteration in original).

Prescription on the plaintiff's ADA claim began to run on May 10, 2012, the date the plaintiff was advised of his amended duty status and required to send his hobbycraft tools and

equipment home.  Three hundred and fifty (350) days passed prior to the plaintiff filing his administrative grievance on April 25, 2013, thereby suspending prescription.  As such, there were fifteen (15) days remaining when prescription began to run again on July 30, 2013, the date the Second Step Response was delivered to the plaintiff.

Accordingly, the last day for plaintiff's ADA claim to be filed was August 14, 2013, fourteen (14) days prior to August 28, 2013, the operative filing date of the plaintiff's Complaint.

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion.  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324.  Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*  Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.  *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).  When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor.  *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 F. App'x. 398, *2 (5th Cir. 2010).  Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendant's motion for summary judgment allows the Court to conclude that all of the facts contained in the defendant's Statement of Uncontested Material Facts are deemed to be admitted.  In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for

summary judgment or to the documentary evidence produced in support thereof.  Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions regarding prescription of the plaintiff's ADA claim.  Accordingly, based upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

Finally, the Court notes that Dr. Collins has not yet made an appearance in this case and is unrepresented, as he has not been served.[3]  Pursuant to the version of Rule 4(m) of the Federal Rules of Civil Procedure in effect at the time of the filing of this action, "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  This Rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case.  *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).  At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."  *Id., quoting Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).  A district court retains the discretion to extend the time for service even in the absence of good cause.  *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

---

[3] An attempt by the United States Marshal's Office to serve Dr. Collins has proven unsuccessful, specifically because he is no longer employed at LSP and, as a result, service of process was not accepted on his behalf.  *See* R. Doc. 16.

In the instant case, as noted above, the Court appointed the United States Marshal's Office to effect service on the defendant in this case, as required by Rule 4(c)(3) of the Federal Rules of Civil Procedure. In such instance, an incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, once a plaintiff has been placed on notice of deficiencies in service, he "may not remain silent and do nothing to effectuate such service." *Id*. at 1110. *See also Ellibee v. Leonard*, 226 Fed. Appx. 351, 358 (5th Cir. 2007). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson, supra*, 828 F.2d at 1110. If the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will ordinarily be unable to show good cause for such failure. *See id. See also Lindsey v. United States Railroad Retirement Board, supra*, 101 F.3d at 447.

In the instant case, after the appointment of the United States Marshal's Office for service, the Marshal's Return on the summons filed on June 4, 2015 (R. Doc. 16) indicates that Dr. Collins was no longer employed at the Department of Corrections. Plaintiff was placed on notice that service had not been effected as to the defendant. Notwithstanding, the plaintiff has taken no action since that time, a period of approximately 6 months, to obtain service upon defendant Collins, to obtain additional information relative to the defendant's location, or to obtain an extension of time within which to effect service.

Based on the foregoing, the Court concludes that service upon defendant Collins has not been effected in a timely manner in accordance with Fed. R. Civ. P. 4(m) and that there is nothing in the record to suggest that the plaintiff will be able to show good cause for the untimely service in

this case. Accordingly, it is appropriate that this proceeding be dismissed against defendant Collins, without prejudice, as a result of the plaintiff's failure to effect timely service upon the defendant.[4]

## RECOMMENDATION

It recommended that the defendants' Motion for Summary Judgment (R. Doc. 17) be **GRANTED**, dismissing the plaintiff's claims asserted against all remaining served defendants, with prejudice. It is further recommended that the claims against defendant Collins be dismissed, without prejudice, due to plaintiff's failure to effect timely service upon the defendant, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 8, 2016.

```
                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[4] The Court notes that it would appear that any claim against defendant Collins would also be prescribed for the same reasons set forth in this Report and Recommendation.